**UDELMAN LAW FIRM, P.L.C.**
7150 E. Camelback Road, Suite 415
Scottsdale, Arizona 85251
Randall Udelman, SBN 014685
James Sparks, SBN 028006, Of Counsel
info@udelmanlaw.com
(480) 970-5600

*Attorneys for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>PHOENIX INTERFACE TECHNOLOGIES, LLC,<br>Debtor. | (Chapter 7 Case)<br>Case No. 2:19-bk-00459-MCW<br>*Adv. No.*<br>**COMPLAINT** |
| JILL H. FORD, CHAPTER 7 TRUSTEE,<br>Plaintiff,<br>vs.<br>ICON OWNER POOL 1 WEST/SOUTHWEST, LLC, an Arizona limited liability company; JOHN and JANE DOES I-X; BLACK and WHITE PARTNERSHIP I-X; and ABC CORPORATIONS I-X,<br>Defendants. | |

Jill H. Ford, Chapter 7 Trustee and Plaintiff herein ("**Plaintiff**"), by and through her counsel undersigned, for her Complaint against Icon Owner Pool 1 West/Southwest, LLC ("**Landlord**" or "**Defendant**"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 542 and 550.

3. This is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (E).

4. Venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

5. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to object or to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

7. Plaintiff is the duly appointed and acting Trustee herein.

8. Defendant is an Arizona limited liability company doing business in Arizona.

9. All events complained of herein occurred in this District.

## GENERAL ALLEGATIONS

10. This case was commenced by voluntary petition filed by Phoenix Interface Technologies, LLC ("**Debtor**") under Chapter 11 of Title 11 on January 15, 2019 ("**Petition Date**") and subsequently converted to Chapter 7 of Title 11 on July 2, 2019 ("**Conversion Date**").

11. On or about May 27, 2014, BRE/DP AZ, LLC entered into a lease agreement with the Debtor whereby BRE/DP AZ, LLC agreed to lease the real property located at 1140 West Alameda Drive, Suite 101, Tempe, Arizona 85282 ("**Premises**") to Debtor and Debtor agreed to rent the Premises from BRE/DP AZ, LLC for a term of 38 months beginning June 30, 2014 (hereinafter, the "**Lease**").

12. Pursuant to the *First Amendment to Lease Agreement*, Landlord is the successor-in-interest to BRE/DP AZ LLC of the Lease Agreement ("**Amended Lease Agreement**").

13. On or around June 13, 2019, at approximately 10:00 am, there was a fire to the external electrical box that provides services to the Premises.

14. As a result of the fire, a power outage occurred at the Premises and the Debtor was unable to operate its business for approximately 30 days, among other things.

15. The fire and resulting power outage was a direct result of Defendant's failure to properly maintain the Premises in accordance with the applicable standard of care and in accordance with the express provisions of the Amended Lease Agreement and incorporated

documents.

16. Upon information and belief, Defendant failed to perform any maintenance whatsoever to the electrical box or its components.

17. Due the extended power outage and the damage caused by the fire, Plaintiff was unable to operate its business.

18. As a direct result of the damages and lost business income, Plaintiff has been damaged in amount no less than $150,000.00.

19. Plaintiff's claims arise from contract, either oral or written, express or implied, and, therefore, Plaintiff is entitled to an award of its reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-341, *et seq.* and the Amended Lease Agreement.

## COUNT I
### (BREACH OF CONTRACT)

20. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

21. Plaintiff incorporates by this reference all the previous allegations as though fully set forth herein.

22. Defendant had the obligation to maintain the Premises and specifically, the electrical box and its components in such a manner as to prevent the type of damages that were sustained by Plaintiff.

23. Upon information and belief, Defendant failed to perform any maintenance whatsoever to the electrical box and its components, resulting in the fire and damage to Plaintiff.

24. As a direct result, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT II
### (NEGLIGENT/GROSS NEGLIGENCE)

25. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

26. Defendant owed Plaintiff a duty to maintain the shared electrical utilities at the Premises.

27. Defendant breached its duty by failing to maintain the Premises in such a manner as to prevent damages to Plaintiff.

28. Defendant's failure to maintain the Premises caused Plaintiff to lose business income as Plaintiff was unable to operate for approximately thirty days awaiting power to be restored.

29. As a direct and proximate result of Defendants' negligence, Plaintiff incurred damages in an amount no less than $150,000.00.

30. Defendant's actions were committed knowingly or with reckless indifference to the health and safety of others. Therefore, Defendant was grossly negligent.

## COUNT III
### (TURNOVER OF PROPERTY 11 U.S.C. § 542(A))

31. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

32. Upon information and belief, Defendant received insurance funds as a result of the fire at the Premises.

33. Plaintiff asserts that it is entitled to at least $150,000.00 of any insurance proceeds resulting from the fire at the Premises.

34. The Estate is entitled to turnover of the requested insurance proceeds pursuant to 11 U.S.C. § 542.

35. Defendant should be required to immediately turn over insurance proceeds in an amount of not less than $150,000.00 to the Plaintiff pursuant to 11 U.S.C. § 542.

## COUNT IV
### (DISALLOWANCE OF ANY CLAIMS)

36. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

37. Defendant is an entity from which property is recoverable under the above legal theories (breach of contract, negligence/gross negligence, and 11 U.S.C. § 542).

38. Defendant has not paid the amount or turned over such property for which Defendant is liable under the above legal theories (breach of contract, negligence/gross negligence, and 11 U.S.C. § 542).

39. Pursuant to 11 U.S.C. 502, Defendant's Proof of Claim number 5 should be disallowed in its entirety.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief against Defendants, jointly and severally as follows:

A. That this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount of not less than $150,000.00, together with applicable pre- and post-judgment interest at the highest legal rate until paid;

B. An award to Plaintiff for costs and reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-341 *et seq.* or other applicable rule, statute and the Contract;

C. Directing the Defendant to turnover insurance proceeds in an amount of not less than $150,000.00;

D. Punitive damages; and

E. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of March, 2020.

**UDELMAN LAW FIRM, P.L.C.**

By: */s/ James D. Sparks*
James D. Sparks, Of Counsel
*Attorney for Plaintiff*